UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL GUERRERO,<br><br>Plaintiff,<br><br>v.<br><br>SANTA RITA JAIL, et al.,<br><br>Defendants. | Case No.  23-cv-04159-VC<br><br>**ORDER OF SERVICE** |

Russell Guerrero, a detainee at Alameda County Santa Rita Jail proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In the original complaint, Guerrero alleged that the jail and Wellpath, a company which contracts to provide medical care at the facility, failed to properly treat his rash. The magistrate judge previously assigned to this case dismissed the complaint with leave to amend. Guerrero timely filed an amended complaint, but it was nearly identical to the original complaint. The court again dismissed the complaint with leave to amend. Guerrero filed a second amended complaint, Dkt. No. 18, which the court orders served on defendants Dr. Magot and Dr. Cooper.

## DISCUSSION

### I.    Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II.    Guerrero's Allegations

Guerrero's second amended complaint alleges the following:

Guerrero was moved to Building 22 next to the shower in May of 2022. He informed Deputy Herrera that there was black mold in his room and deputy Herrera moved him to another room that was also near a shower. A rash started on Guerrero's elbow shortly afterwards. A nurse, not a doctor, prescribed an antibiotic medication with sulfonamides or sulfasalazine, and immediately Guerrero told the nurse he was in pain. The rash spread over 30 percent of his body and he had weeping lesions that stayed open for months. WellPath nurses and Dr. Margot and Dr. Cooper always told him it was healing. Inmates are told never to ask nurses their name. After trying to speak to a doctor, Guerrero notified Mental Health that he was feeling suicidal. Mental Health clinicians came to see him on July 4, 2022, and he showed them the massive lesion on his stomach and chest and was taken to the in-house clinic. He showed three doctors the rash. In August of 2023, Guerrero was taken to the Highland Hospital emergency room and the doctor ran several tests.

## III.    Analysis

A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. With regard to the third element, the defendant's conduct must be objectively unreasonable – "a test that will necessarily turn[] on the facts and circumstances of each particular case." *Id.* (citations and internal quotation marks omitted). The mere lack of due care by a state official is not enough. *See Alexander v. Nguyen*, 78F.4th 1140, 1144-46 (9th Cir. 2023) (psychiatrist's failure to move pretrial detainee to different unit following attack from fellow patient did not violate 14th Amendment because psychiatrist acted reasonably by considering relevant factors, evaluating risk of future violence against detainee and effect of transfer on treatment, and implementing measures to reduce future incidents, and treatment exceeded accepted professional standards). The four-part test articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective intent – something akin to reckless disregard. *Gordon*, 888 F.3d at 1125.

The court construes Guerrero's complaint as naming Doctors Magot and Cooper as defendants in this action and finds that he has stated a cognizable Fourteenth Amendment claim against them for displaying reckless disregard to his worsening skin rash.

## CONCLUSION

Based on the foregoing, the court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, the Waiver of Service of Summons, a copy of the Second Amended Complaint

(Dkt. No. 18), and a copy of this Order to the following defendants at the Alameda County Santa Rita Jail:

  a.  Doctor Magot

  b.  Doctor Cooper

2.  The Clerk shall mail a courtesy copy of the Second Amended Complaint (Dkt. No. 18) and this Order to Alameda County Counsel.

3.  The Clerk shall also mail a copy of this Order to plaintiff.

4.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

5.  Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

  a. If the defendants intend to file a motion for summary judgment or other dispositive motion, they must do so no later than fifty-six days from the date of service. If the defendants file a motion for summary judgment, it shall be supported by adequate factual

documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the defendants believe this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Guerrero.

At the time the dispositive motion is served, the defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

b.  Guerrero's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on the defendants no later than twenty-eight days after the date on which the defendants' motion is filed.

Before filing his opposition, Guerrero is advised to read the notice that will be provided to him by the defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Guerrero is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to the defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Guerrero will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c.  The defendants shall file a reply brief no later than fourteen days after the date Guerrero's opposition is filed.

d.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders later.

6.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

7.   All communications by Guerrero with the court must be served on the defendants, or the defendants' counsel once counsel has been designated, by mailing a true copy of the document to the defendants or counsel.

8.   It is Guerrero's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.   Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: July 9, 2025

_____
VINCE CHHABRIA
United States District Judge